[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15425
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60098-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RENE NUNEZ-ROBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 24, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Nunez-Robles pleaded guilty to one count of reentry of a deported alien. After granting him a one month downward departure, the district court sentenced Nunez-Robles to 40 months in prison. He contends that his sentence was substantively unreasonable.

Taking into account Nunez-Robles' acceptance of responsibility and prior felony conviction for possession with intent to distribute, the presentence investigation report in this case indicated that his advisory guideline range was 41 to 51 months in prison. Nunez-Robles did not dispute that calculation. Instead, he requested a downward departure based on his "cultural assimilation" under U.S.S.G. § 2L1.2 cmt. n.9 (2015) and a downward variance based on the factors listed in 18 U.S.C. § 3553(a).

In support of his request for a downward departure and downward variance, Nunez-Robles indicated that he was originally brought to the United States at the age of seven (he was thirty-six at the time of sentencing). He went to school in America before dropping out after the 11th grade, married a United States citizen, and had two children with her. He resided continuously in the United States until he was first deported in February 2008. His family and friends are in this country. Nunez-Robles also pointed out that he re-entered the United States to reunite with his family and that his offense amounted to "at most, an international trespass." He argued that he was not a danger to the community, had been working, and

2

would be adequately deterred from future illegal conduct by a sentence of 24 months in prison.

The district court granted his request for a downward departure, but only departed from the advisory guideline range by one month, sentencing Nunez-Robles to 40 months in prison instead of 41. He appeals. He contends that his sentence was substantively unreasonable because the district court should have departed or varied further downward based upon his strong ties to the United States and the § 3553(a) factors. We disagree.

Initially, to the extent Nunez-Robles seeks to challenge the reasonableness of the district court's downward departure standing alone, he cannot do so. "This Court lacks jurisdiction to review a district court's discretionary refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the statutory authority to depart from the guideline range." United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006). If we lack jurisdiction to consider whether the district court erred by refusing to grant any departure, it follows that we lack jurisdiction to consider whether it should have granted a bigger one. As a result, we consider only Nunez-Robles' contention that his sentence as a whole, including the downward departure, was substantively unreasonable.

We review the substantive reasonableness of the district court's sentence for an abuse of discretion, Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597

(2007), and "[t]he party challenging the sentence bears the burden to show it was unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors," United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

"In general, the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. . . . It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." United States v. Sanchez, 586 F.3d 918, 967 (11th Cir. 2009) (quotation marks and citation omitted). "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the [g]uidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks omitted) (first alteration in original).

In this case, the district court expressly stated that it considered the § 3553(a) factors. And its consideration of a couple of the factors is apparent from

4

the record of the sentence hearing.  During the course of the government's argument, the district court made clear that it did not think much weight should be given to several of Nunez-Robles' prior arrests because he ultimately was not convicted on those charges.  See 18 U.S.C. § 3553(a)(1) (requiring the district court to consider "the history and characteristics of the defendant").  He also considered the nature of Nunez-Robles' past convictions.  See id.  He considered Nunez-Robles' ability to pay the fines that he imposed.  See id. § 3553(a)(2) (requiring the district court to consider "the kinds of sentences available").  And he clearly considered the mitigating evidence concerning Nunez-Robles' "cultural assimilation" in the United States, because he granted a downward departure, even though he determined that "not much of one" was appropriate.  See id. § 3553(a)(1).

We cannot say that the district court made a "clear error in judgment" by balancing the factors as he did, regardless of whether we would have struck the same balance ourselves.  Gall, 552 U.S. at 51, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."); Irey, 612 F.3d at 1190.  This is especially so in light of the fact we "expect a sentence" below "the [g]uidelines range to be reasonable," even if we do not "presume" that it is.  See

Hunt, 526 F.3d at 746 (quotation marks omitted).  As a result, the district court's sentence was not substantively unreasonable.

**AFFIRMED.**